UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Lisa Gail Clouse, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:20-cv-00091-GCM-DCK |
| | ) | |
| Kilolo Kijakazi[1], | ) | **Consent Order** |
| Acting Commissioner Of | ) | |
| Social Security, | ) | |
| Defendant. | ) | |

This action being submitted to the Court for entry of a Consent Order agreed to by the Parties and it appearing that Plaintiff, by and through her attorney, has executed this Consent Order and Defendant has executed this Consent Order, by and through the undersigned Special Assistant United States Attorney; and it appearing that the Parties have agreed that Plaintiff, Lisa Gail Clouse, is awarded attorney fees under the EAJA in the amount of $5,875.00 in full and final settlement of attorney fees and costs arising under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d). Pursuant to the United States Supreme Court's ruling in *Astrue v Ratliff*, 130 S. Ct. 2521 (2010), these EAJA fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the federal government. If, subsequent to entry of the Consent Order, the Commissioner

---

[1] Effective on or about July 9, 2021, the office of Social Security Commissioner was vacated by Andrew M. Saul and assumed by Kilolo Kijakazi as Acting Commissioner. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, once a new Commissioner or Acting Commissioner is appointed, that party should be substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If such a debt is present, then any remaining fee after offset will be payable to Plaintiff and delivered to Plaintiff's counsel.

It is therefore **ORDERED** that, pursuant to the above, the Commissioner pay the sum of $5,875.00 in full satisfaction of any and all claims arising under EAJA, 28 U.S.C. § 2412(d), and upon the payment of such sums this case is dismissed with prejudice.

Signed: September 13, 2021

Graham C. Mullen
United States District Judge